| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICAH C. STANFIELD, | ) Case No.: 1:20-cv-01145-NONE-SAB (PC) |
| Plaintiff, | ) |
| v. | ) FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION |
| CA. CORRECTIONAL HEALTH CARE SERVICES, et al., | ) (ECF No. 21) |
| Defendants. | ) |

Plaintiff Micah C. Stanfield is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff filed the initial complaint in this action on August 5, 2020. (ECF No. 1.) On September 18, 2020, Plaintiff filed an amended complaint. (ECF No. 10.)

On October 7, 2020, the Court screened Plaintiff's first amended complaint, found no cognizable claims, and granted Plaintiff thirty days to file a second amended complaint. (ECF No. 13.)

Plaintiff filed a second amended complaint on January 5, 2021. (ECF No. 19.)

On March 3, 2021, the Court screened Plaintiff's second amended complaint, found no cognizable claims, and granted Plaintiff thirty days to file a third amended complaint. (ECF No. 20.)

1

Plaintiff did not file a third amended complaint. Therefore, on April 12, 2021, the Court ordered Plaintiff to show cause why the action should not be dismissed for failure to state a cognizable claim for relief, failure to comply with a court order, and failure to prosecute. (ECF No. 21.) Plaintiff has failed to respond to the order to show cause and the time to do so has now passed. Therefore, dismissal is warranted.

# I.

# SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Upon Plaintiff's arrival at Wasco State Prison Reception Center on December 13, 2019, all of his prior medications and medical devices were discontinued.

On January 9, 2020, Plaintiff saw Dr. Tai who advised Plaintiff that he did not recognize outside specialist opinion nor prescription for health care. Dr. Tai "incompetently went against and ignored 'specific instructions' #One: for neuro-specialist from Doctor at Bakersfield San Joaquin Community Hospital as well as for a mobility cane. #Two: ADA mobility examination, vest and cane assigned and instructed by 'B-Yard Sgt. Picaso' on Jan. 22, 2020. #Three: Instructions for treatment of 5 skin cancer lesions from a biopsy conducted by R.A.D Dermatologist at their Hanford, CA office. This causing nasty infection and further bad scarring located on left side forehead, right side shoulder, middle upper back, and left middle arm." (Sec. Am. Compl. at 6.)

On numerous occasions, Plaintiff followed protocol by submitting CDCR Form 7362 requesting medical attention for pain and one occasion when he was coughing-up blood officer E. Laws escorted him to the Registered Nurse, only to be told to drink water and eat apples. Also, during this period of time, Plaintiff needed officers assistance to walk due to his leg and back giving out.

On February 11, 2020, at 5:30 p.m., Sergeant Picaso called Plaintiff to the office and sked if, "I was ever assigned a mobility cane and vest?" During this time, officer Suarez conducted a cell search to locate a mobility cane and vest, to no avail. Picaso informed officer Suarez and Plaintiff that the Associate Warden advised him that medical health care services claimed they provided him with an examination and mobility vest and cane. Sergeant Picaso advised Plaintiff to file a medical grievance against Dr. Tai and the health care services for neglecting his needs.

///
///
///
///

# III.

# DISCUSSION

**A.     Eleventh Amendment Immunity**

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)). This jurisdictional bar includes "suits naming state agencies and departments as defendants," and it applies whether plaintiffs "seek damages or injunctive relief." Brooks, 951 F.2d at 1053; Pennhurst State School, 465 U.S. at 102. "[A]n entity with Eleventh Amendment immunity is not a "person" within the meaning of § 1983." Howlett By & Through Howlett v. Rose, 496 U.S. 356, 365 (1990).  Here, Plaintiff has named state agencies as Defendants, which are immune under the Eleventh Amendment.

However, with regard to state officials sued in their official capacity, the Eleventh Amendment immunizes state officials sued in their official capacity from retrospective claims for relief (including monetary damage claims), but does not immunize them from claims for prospective relief (such as forward-looking injunctive relief). Kentucky v. Graham, 473 U.S. 159, 169–70 (1985); Edelman v. Jordan, 415 U.S. 651 (1974); Ex Parte Young, 209 U.S. 123 (1908).

Prison officials may be held liable where a " 'policy or custom' ... played a part in the violation of federal law." McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986) (quoting Kentucky v. Graham, 473 U.S. at 166; Hafer v. Melo, 502 U.S. 21, 25 (1991).  The official may be liable where the act or failure to respond reflects a conscious or deliberate choice to follow a course of action when various alternatives were available. Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989).  Plaintiff has failed to allege that the Defendants were acting pursuant to a custom or policy and has failed to state a claim against any named Defendant in his or her official capacity.

In addition, the California Correctional Health Care Services is a state agency and is therefore immune from suit under the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for

alleged deprivations of civil liberties."); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (holding that Eleventh Amendment immunity extends to state agencies); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against the California Department of Corrections and Rehabilitation for damages and injunctive relief were barred by Eleventh Amendment immunity); Diaz v. CDCR, No. 2:17-CV-0235 KJN P, 2017 WL 1079947, at *2 (E.D. Cal. Mar. 21, 2017) ("The California Department of Corrections and Rehabilitation ('CDCR'), California Correctional Health Care Services ('CCHCS'), High Desert State Prison, and Health Care Appeals office, are not proper defendants.")  In addition, Plaintiff cannot sue Dr. Tai in an official capacity.

### B. Deliberate Indifference to Serious Medical Need

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.  A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

Negligence or medical malpractice do not rise to the level of deliberate indifference. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995).  Even gross negligence is

insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d at 242, overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

The response to Plaintiff's health care appeal reflects that Plaintiff was repeatedly evaluated and provided medical treatment, which belies his claim of deliberate indifference. In denying his appeal, the third level response specifically stated, as follows:

> You have received primary care provider evaluation and monitoring for your grievance issues; numbness in feet/arms, accommodations, cane, pain management, and dermatologist.
>
> The primary care provider completed assessments, noted review of your history, current symptoms, and laboratory/imaging results, and developed a plan of care, including evaluation on multiple occasions by your primary care team and provider noting your functionality as able to ambulate without assistance with good muscular tone in upper and lower extremities; no noted deficit relation the ability to complete your activities of daily living. On February 3, 2020, you were hospitalized for chronic neck and back pain, and a Magnetic Resonance Imaging (MRI) scan was completed at that time. The primary care provider reviewed the hospital provider's recommendation upon return for a neurosurgery consultation and ordered on February 10, 2020. Due to the risks associated with COVID-19, the appointment was cancelled, in order to reduce to patients and staff, all non-urgent offsite specialty appointments will be re-scheduled to a later time.
>
> On February 5, 2020, you were seen and evaluated by the Dermatologist, in which five skin biopsies were obtained. On March 17, 2020, you were scheduled for a follow up with dermatology, but refused the consultation. While you have the right to refuse most health care, you are considered an active partner and participant in the health care delivery system. You

> are encouraged to cooperate with your health care providers in an effort to achieve optimal clinical outcome. You stated "well I'm already endorsed to CMC, I think I leave tomorrow. I will follow up when I get there." You were informed of the importance of keeping scheduled appointments to prevent delay in your treatments and or diagnosis. You agreed and gave an understanding of your diagnosis and pending excisions you still need excised. You have been referred for additional follow-up with Dermatology and pending scheduling.
>
> In response to your CDC 7362s submitted on May 11 and May 17, 2020, your primary care provider has ordered xrays, which is pending scheduling, increased your gabapentin, and prescribed Diclofenac topical gel for pain. You are currently prescribed acetaminophen and gabapentin for pain management. There is no documentation indicating a cane is medically indicated.

(Sec. Am. Compl., ECF No. 19 at 47.)

Although Plaintiff contends that his medical devices and/or medication were discontinued when he arrived at Wasco State Prison Reception Center, such allegation, alone, does not give rise to claim of deliberate indifference. To the extent Dr. Tai came to a different conclusion, through the exercise of his medical judgment, regarding the appropriate medication for treatment and need for a referral and medical devices, Defendant was not obligated to provide Plaintiff with the same medication or devices he received at prior institutions. See Snow, 681 F.3d at 987 (a difference of opinion between medical professionals concerning what medical care is appropriate does not without more amount to deliberate indifference). While Plaintiff may have disagreed with Dr. Tai's decisions, such disagreement is insufficient to support a claim of deliberate indifference. See id. The response to Plaintiff's health care grievance belies any claim of deliberate indifference. Accordingly, Plaintiff has failed to state a cognizable claim against Defendant Dr. Tai.

## IV.

## FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's second amended complaint, and on March 3, 2021, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days. (ECF No. 20.) Plaintiff did not file a third amended complaint or otherwise respond to the Court's March 3, 2021 order. Therefore, on April 12, 2021, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed. (ECF No. 21.) Plaintiff failed to

respond to the April 12, 2021 order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint and within thirty days of March 3, 2021 and has not done so. Accordingly, the operative pleading is the January 5, 2021 second amended complaint which has been found not to state a cognizable claim. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance

with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's March 3, 2021 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 20.) In addition, the Court's April 12, 2021, order to show cause specifically stated: "Failure to comply with this order will result in a recommendation to dismiss the action." (ECF No 21.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

## V.

## CONCLUSION AND RECOMMENDATION

The Court has screened Plaintiff's complaint and found that it fails to state a cognizable claim. Plaintiff has failed to comply with the Court's order to file a third amended complaint or respond to the Court's order to show why the action should not be dismissed. In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to state a cognizable claim, failure to obey the March 3, 2021 and April 12, 2021 orders, and failure to prosecute this action.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to state a claim, failure to comply with a court order, and failure to prosecute.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen **(14) days** of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 6, 2021**

UNITED STATES MAGISTRATE JUDGE